UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT E. ROSE**                                                                                           **PETITIONER**

**v.**                                                                    **CIVIL ACTION NO. 3:09CV-P577-S**

**STEVE HANEY, WARDEN**                                                                       **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Robert E. Rose, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Rose to show cause why his petition should not be dismissed for failure to comply with the statute of limitations. Rose has now responded to the Court's Show Cause Order. Upon review, for reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Rose was convicted of trafficking in a controlled substance and being a persistent felony offender on July 17, 2003, following a guilty plea, and sentenced to ten years in prison. Rose did not file a direct appeal. Rose filed a motion to vacate his sentence pursuant to RCr 11.42 on July 2, 2007. According to the petition, the Jefferson Circuit Court denied Rose's motion on July 30, 2007, and September 26, 2007. On November 26, 2008, the Kentucky Court of Appeals affirmed the Jefferson Circuit Court's decisions. Rose initiated the instant action in this Court on August 10, 2009.

### II. ANALYSIS

Because Rose's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the

AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Rose did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Rose's conviction became final on August 16, 2003, at the expiration of the thirty-day period for filing an appeal. *See* Kentucky Rule of Criminal

Procedure 12.04. Thus, Rose had until August 16, 2004, to file his petition for habeas corpus relief in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

Rose filed a collateral attack challenging his conviction in state court on July 2, 2007. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Rose did not file a collateral attack of his state court conviction until July 2, 2007, almost three years after the applicable limitations period had expired. By the time Rose sought post-conviction relief in July 2007, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court is time-barred.

However, since the one-year limitations period under AEDPA "is not jurisdictional[,] a petitioner who missed a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). In order to be entitled to equitable tolling, Rose has the "burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Sixth Circuit

repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

In response to the Court's Show Cause Order, Rose states that he is "not sufficiently versed in the complicated science of the law" and that he "is a layman as well as a poor person who has not had the assistance of counsel." He argues that his habeas action is not time-barred because the filing of his RCr 11.42 motion "stops the time from running until the 11.42 also becomes final . . . Then the one-year time limit to file a federal habeas starts running again."

As discussed above, the statute of limitations for Rose's habeas action expired on August 16, 2004, at which time there was no collateral attack of his sentence pending. His filing of a post-conviction motion after the expiration of the statute of limitations does not restart the one-year statute of limitations. *See Vroman*, 346 F.3d at 602.

Moreover, Rose's argument that he was ignorant of the law is also unavailing. Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[I]nmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations."). Rose is charged with knowledge of 28 U.S.C. § 2254 and its time limits. *Allen*, 366 F.3d at 402-03. Therefore, application of equitable tolling is not appropriate.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Rose appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: November 19, 2009

*(signed)*

Charles R. Simpson III, Judge
United States District Court

cc:   Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4411.010

5